FILED JAN 15 2020 CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY \_\_\_\_ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLE NICHOLS,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br><br>    Defendant. | Case No.: 3:19-cv-0490-BEN-LL<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION;**<br>**(2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND**<br>**(3) DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>[Docket Nos. 11, 12, 21] |

    Plaintiff Nichole Nichols filed this action for judicial review of the Social Security Commissioner's denial of her application for disability insurance benefits. Plaintiff filed a motion for summary judgment, and Defendant filed a cross-motion for summary judgment.

    On November 22, 2019, Magistrate Judge Linda Lopez issued a thoughtful and thorough Report and Recommendation, recommending that this Court grant Plaintiff's motion for summary judgment, deny Defendant's cross-motion for summary judgment, and reverse the Commissioner's decision and remand for further administrative proceedings. Plaintiff's motion for summary judgment contends that the Administrative

Law Judge ("ALJ") committed reversible error by (1) failing to give any weight to the opinion of her treating physician, Dr. Elizabeth Pendragon, and (2) failing to articulate specific and legitimate reasons for rejecting the opinion of her examining psychologist, Dr. Kara Cross. Magistrate Judge Lopez agreed.

Specifically, Magistrate Judge Lopez found the ALJ's opinion does not point to substantial evidence or adequately explain why Dr. Pendragon's opinion deserved "no weight" whatsoever. For example, Magistrate Judge Lopez found the ALJ's opinion fails to adequately explain how Plaintiff's daily activities conflict with Dr. Pendragon's opinion, whether the ALJ properly accounted for the entirety of Plaintiff's statements in her function report, and whether the ALJ properly considered the transferability of Plaintiff's daily activities to a workplace environment. Magistrate Judge Lopez additionally found that, in discrediting Dr. Pendragon's opinion, the ALJ did not identify the specific medical evidence found inconsistent with Dr. Pendragon's opinions or explain how such evidence was inconsistent. *See, e.g., McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (ALJ erred in giving "broad and vague" reasons for rejecting a treating physician's opinion and "failing to specify why the ALJ felt the treating physician's opinion was flawed."). Because the opinion of a treating physician is arguably the most important, the omission is not harmless. In addition, Magistrate Judge Lopez found the ALJ erred by accepting Dr. Grubbs's opinion and rejecting Dr. Cross's opinion without explanation. This also necessitates reversal.

Objections to the Report and Recommendation were due by December 13, 2019 with replies due by January 3, 2020. Neither party has filed any objections. Accordingly, for the reasons that follow, the Report and Recommendation is **ADOPTED**.

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "[T]he district judge must determine de novo any part of the [report and recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, "[t]he statute makes it clear that the district judge must review the magistrate judge's

2

findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

The Court need not conduct de novo review given the absence of objections. Nevertheless, the Court has considered the parties' arguments and fully **ADOPTS** the Report and Recommendation. Plaintiff's motion for summary judgment is **GRANTED**. Defendant's cross-motion for summary judgment is **DENIED**. Accordingly, the Commissioner's decision is **REVERSED**, and this matter is **REMANDED** for further administrative proceedings.

**IT IS SO ORDERED.**

Date: January /2, 2020

/s/ HON. ROGER T. BENITEZ
United States District Judge